NICHOLAS J. ESCHENBRENNER, Respondent, *v.* GUDE
    BROS. KIEFFER COMPANY, Appellant.

*Appeal — appeal from order involving question of discretion dismissed.*

*Eschenbrenner* v. *Gude Brothers, Kieffer Co.*, 202 App. Div. 752,
appeal dismissed.

(Submitted February 27, 1923; decided March 13, 1923.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered January 2, 1923, which reversed an
order of Special Term denying a motion for inspection
and discovery and granted said motion.

The following question was certified: " Is the plaintiff
entitled to an order permitting him to inspect the account
books, vouchers, receipts and checks of the defendant for
the year beginning March 1, 1918, and ending February
28, 1919? "

*Leon R. Jillson* for appellant.

*Lester S. Abberley* and *Edward D. Bryde* for respondent.

Appeal dismissed, with costs. Question certified
involves question of discretion and, therefore, is not
answered; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND,
MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of FREDERICK W.
    HERENDEEN, as Executor and Trustee of the Estate of
    EDWARD W. HERENDEEN, Deceased, Respondent.

WALTER B. HERENDEEN, Appellant; WALTER L. SMITH,
    as Executor of EDWARD W. HERENDEEN, Deceased,
    Respondent.

*Will — construction — distribution of estate.*

*Matter of Herendeen*, 202 App. Div. 779, affirmed.

(Argued February 27, 1923; decided March 13, 1923.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered May 10, 1922, which unanimously
affirmed a decree of the Ontario County Surrogate's

Court directing distribution of the estate of Edward W. Herendeen, deceased. The question presented was whether a one-sixth part of the estate of deceased, which was devised to Edward G. Herendeen, now deceased, should be paid by the trustee to the executor of the last will and testament of Edward G. Herendeen, deceased, to be by him distributed under the will of Edward G. Herendeen, or whether the said one-sixth part of said estate should be distributed by the trustee under the will of said deceased to the sons of Edward G. Herendeen by virtue of a substitution clause contained in the 5th item of the will in question.

*Mordecai Casson, Jr.,* for appellant.

*B. L. Newman* and *Edward J. Cook* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

STARR PIANO COMPANY, in Behalf of Itself and Others, Appellant, *v.* MICHAEL A. SAMMAK et al., Respondents.

*Debtor and creditor — fraudulent conveyance — liability of transferee to account for assets conveyed.*

*Starr Piano Co. v. Sammak,* 202 App. Div. 767, affirmed.

(Argued February 27, 1923; decided March 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 17, 1922, which unanimously affirmed an order of Special Term declaring void as to creditors a transfer of property by defendant Michael A. Sammak, appointing a receiver and directing defendant Sammak Piano Company to account for and turn over to said receiver all property which had come into its possession by virtue of said transfer.

The following question was certified: " Is the defendant, Sammak Piano Company, Inc., liable to account to the receiver appointed herein for all of the assets of Michael A. Sammak which were transferred to it by the transfer made in violation of the Bulk Sales Act on October 19,